Paul R. Shaw, J.
This action was instituted by the former tenants of a second floor apartment in a two-family house against their former landlord for statutory treble damages and reasonable attorney’s fees under the Emergency Housing Rent Control *554 Law. The landlord had applied for and received a Certificate of Eviction from the Temporary State Housing Rent Commission, dated November 17,1961, authorizing the landlord to pursue her remedy at law to recover possession for the personal use of her daughter. Thereafter the tenant vacated on May 29,1962 without awaiting the institution of summary proceedings. The landlord then rented the apartment to a third party. Judge Mario Proccacino granted the plaintiffs’ motion for summary judgment to the extent of ordering an assessment of damages and directing the entry of judgment in such amount as shall be assessed. The assessment has been tried before this court.
Certain facts have been stipulated on this assessment, to the extent that the plaintiffs’ offer of proof is to be accepted, but without the defendant conceding the truth of such claimed facts. The cost of moving is stated to be $88. The rent of the first apartment, consisting of six rooms plus garage, was $79 monthly. The second apartment, consisting of three and one-half rooms on the third" floor, without garage but plus cooking gas, is occupied under a lease dated March 31, 1962 for a term of three years from July 1, 1962 to June 30, 1965 at a monthly rental of $137 and requiring $375 security to be deposited. The plaintiffs had a washing machine in the old apartment which cannot be used in the new apartment and it now costs $10 a month for laundry in addition. No evidence was in fact offered by the defendant in rebuttal of the foregoing offer and concession.
On this hearing, certain additional evidence was offered by the plaintiffs. The cost of garaging the car at the new location is $16 per month, but the plaintiffs keep their automobile in the street. The first apartment consists of six rooms containing 524 square feet in an old frame house, whereas the second apartment consists of three ond one-half rooms containing 370 square feet in a new elevator apartment house. There was some testimony of an unsuccessful effort by the plaintiffs to find, comparable housing accommodations.
The defendant testified in her defense that in April, 1962, the month before the plaintiffs vacated, she told the plaintiff, Walter Gorman, that her daughter had changed her mind and that she offered to let bim stay. She admitted he asked her why she did not tell bim sooner. She also admitted that she rerented the apartment for $127 and that she did not notify the commission. Her attorney testified that he notified the commission by letter on April 26, 1962 and thereafter assumed the premises were decontrolled. He prepared the lease to the new tenant. He also admitted that when this action was started, he wrote to the commission and received a reply that it had no record of his *555 prior letter. The plaintiff, Walter Gorman, testified that the defendant never told him of her daughter’s change of mind.
The plaintiff’s lawyer testified to his services in this matter and their reasonable value. No evidence was offered to refute such testimony.
The mathematical elements of the plaintiffs’ claim for damages are clear enough. The measure of damages to be used in applying those figures to this case, however, is not so clear from a reading of the applicable statute and the regulations thereunder, nor is there available any definitive precedent.
Subdivision 6 of section 5 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.), as implemented by subdivision 4 of section 71 of the State Rent and Eviction Regulations, was in effect on November 17,1961, when the certificate of eviction was issued in this case. When the tenants vacated on May 29.1962, and to the present time, the effective city law has been Local Law No. 20 of the 1962 Local Laws of the City of New York (Administrative Code of City of New York, § Y41-6.0, subd. g), as implemented by subdivision d of section 71 of the New York City Rent, Eviction and Rehabilitation Regulations of the City Rent and Rehabilitation Administration, in effect May 1.1962. All of these laws and regulations are to the same effect in a situation such as this one.
It is provided that, upon the tenant vacating, whether voluntary or pursuant to proceeding to evict, after the issuance of the certificate of eviction, if the landlord or members of his immediate family shall fail to occupy the accommodation within 30 days or if the landlord shall lease such space to a third party within one year from such removal, ‘ ‘ such landlord shall, unless good cause shown, be liable to the tenant for three times the damages sustained on account of such removal plus reasonable attorney’s fees and costs as determined by the court. In addition to any other damage, the cost of removal of property shall be a lawful measure of damage.” Since the plaintiffs’ motion for summary judgment has been granted, the issue for this court to determine is limited to ascertaining the measure of damages from the foregoing language and to apply the same to the facts in this case.
It is apparent that the plaintiff is at least entitled to recover the $88 cost of removal. It is also apparent that the plaintiffs have been damaged to the extent of the increase in the rent in the second apartment from $79 to $137, or $58 per month. It is not so apparent whether this rent increase is a proper item of damage nor, if it is, the extent or the period for which it should be allowed. No controlling decision has been brought to this *556 court’s attention and reliance must therefore he placed upon statutory analysis.
Some indication of legislative intention can be found by reference to subdivision 5 of section 11 of the Emergency Housing Bent Control Law and subdivision 2 of section 71 of the State Begulations, which govern civil actions in rent overcharge cases and limit recovery to two years. This limitation is repeated in subdivision e of section Y41-11.0 of the Administrative Code and subdivision b of section 71 of the City Begulations. The two-year limitation is also to be found in the provisions in subdivision 5 of section 54 of the State Begulations, that whenever relocation of a tenant is required as a condition of the granting of a Certificate of Eviction, the Administrator may substitute the difference between the present rent and the rent in the offered accommodations for a period of two years, plus reasonable moving expenses. Although the City Begulations covering relocation are substantially different from the State Begulations, provision for the payment of a rent differential under analogous circumstances of relocation is also limited to two years in section 54 (subd. e, par. [1], subpar. [a], cl.. [2], subcl. [a]).
I find no persuasiveness in the argument by the defendant that the second apartment was not similar to the first apartment. In modernity, it was an improvement, but was smaller, also it lacked garage space and the plaintiffs’ washer could not be used in the second apartment, together amounting to a possible $26 per month in rental value. Also to be considered are the tenant’s efforts to find an apartment, which can undoubtedly be assumed to have considered price, particularly since the second apartment was leased on March 31,1962 at a time when even the defendant did not deny the plaintiffs believed they were compelled to move and without redress. These considerations preclude duplication of allowance to the plaintiffs for the garage and washing machine, as requested, if indeed the testimony thereon was sufficiently precise to fix a specific amount therefor.
The claim by the tenants for reimbursement for the $375 in security posted on the lease of the second apartment is likewise denied. That security is returnable and is held in trust for the plaintiffs, subject to their own control by observance of the terms of their lease.-
The total damage which this court finds in favor of the plaintiffs is $88 for reasonable moving expenses plus $1,392 rent differential for two years, making in all $1,480. Since the applicable law and regulations mandate treble damages “ unless *557 for good cause shown ” and the granting of the motion for summary judgment has already determined that good cause has not been shown, this court is bound on this assessment to award treble damages to the plaintiff in the sum of $4,440. On the testimony adduced, this court further awards reasonable attorney’s fees in the sum of $750.